IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD W. SAVAGE, | § | |
| | § | No. 544, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N18C-01-341 |
| VANDERBILT MORTGAGE AND | § | |
| FINANCE, INC., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 20, 2020
Decided: December 28, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant-defendant below, Donald W. Savage, filed this appeal from a Superior Court judgment in favor of the appellee-plaintiff below, Vanderbilt Mortgage and Finance, Inc. We find no error or abuse of discretion in the Superior Court's order. Accordingly, we affirm the Superior Court judgment.

(2) On January 29, 2018, Vanderbilt filed a replevin complaint against Savage. Vanderbilt alleged that it held a lien on a mobile home in Savage's possession and that it owned a security interest in the mobile home under a retail

installment security contract. Vanderbilt further alleged that it was entitled to possession of the mobile home under the contract because Savage had defaulted on the monthly payments. Vanderbilt sought issuance of a writ of replevin directing the Sheriff to take possession of the mobile home and deliver it to Vanderbilt. Vanderbilt also sought entry of judgment against Savage in the amount of $39,460.18 plus late charges, interest, costs, and attorneys' fees.

(3) Savage was served with the complaint and summons on May 16, 2018. A replevin hearing was scheduled for June 18, 2018. Savage filed an answer to the complaint on June 5, 2018. In his answer, Savage admitted that Vanderbilt held a security interest in the mobile home and that he had fallen behind on the payments. He asked for a forbearance or modification of the loan terms.

(4) After Savage did not appear for the June 18, 2018 hearing, the Superior Court entered judgment in favor of Vanderbilt. On June 20, 2018, Savage asked the Superior Court to reconsider the judgment because traffic made him late for the hearing and courthouse personnel directed him to a dark, locked courtroom. He asked for the opportunity to explain and explore workout options with Vanderbilt. The Superior Court stayed execution of the judgment and scheduled a new hearing for July 23, 2018.

(5) At the July 23, 2018 hearing, Savage stated that he had fallen on hard times and had been unable to make an arrangement with Vanderbilt. Vanderbilt's

2

counsel was not authorized to agree to an arrangement with Savage, but agreed to a thirty-day stay so she could speak to her client and Savage could speak to other lenders. The Superior Court continued to stay execution of the judgment until a hearing on August 27, 2018 to give the parties an opportunity to work things out, but emphasized that it had already made all of the necessary findings for replevin.

(6) After Savage failed to appear for the August 27, 2018 hearing, the Superior Court entered judgment in favor of Vanderbilt and ruled that no further stays or extensions would be granted to Savage. A writ of replevin was issued to the New Castle County sheriff. On October 23, 2018, Savage filed an appeal of the August 27, 2018 judgment in this Court.

(7) On October 24, 2018, Savage filed a motion to stay the August 27, 2018 judgment in the Superior Court. In support of the motion, Savage stated that he did not receive notice of the August judgment until October and did not have an opportunity to file a timely appeal. Vanderbilt opposed the motion.

(8) On October 29, 2018, a different Superior Court judge heard Savage's motion to stay. The judge vacated and reissued the August 27, 2018 judgment so that Savage could file a timely appeal. Savage filed an amended notice of appeal from the reissued judgment in this Court.

(9) Savage's opening brief in this appeal was originally due on January 30, 2019. On January 7, 2019, Vanderbilt filed a suggestion a bankruptcy for Savage.

3

On February 7, 2020 Vanderbilt advised the Court that Savage's bankruptcy proceeding had been dismissed. The Court issued another briefing schedule, but the extension of deadlines under the judicial emergency declared in response to the COVID-19 pandemic meant that Savage did not file his opening brief until July 1, 2020.

(10) On appeal, Savage argues that he was entitled to arbitration under the Delaware Automatic Residential Foreclosure Program and a binding arbitration agreement with Vanderbilt. The accompanying appendix includes one page of arbitration provisions from a ten-page Delaware retail installment sales contract. The appendix also includes a motion to vacate judgment (which refers to mandatory arbitration) with a Superior Court caption, but there is no indication on this document or the Superior Court docket that the document was ever filed in the Superior Court.

(11) As Vanderbilt points out in its answering brief, Savage did not raise the arbitration issue in his answer to the complaint or at the July 23, 2018 hearing. Savage and his mother mentioned arbitration at the October 29, 2018 hearing, but admitted they had not raised the issue before. The Superior Court declined to address the arbitration issue in the absence of prior notice, but reissued the August 27, 2018 order so that Savage could file a timely appeal.

(12) "It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court."[1] Under Supreme Court Rule 8, "[o]nly questions fairly presented to the trial court may be presented for review" unless the interests of justice require otherwise. Savage did not fairly present his arbitration claim to the Superior Court. He failed to appear for two hearings and made no mention of arbitration in his Superior Court filings. The appropriate course was for Savage to file, in the Superior Court, a motion to stay or a motion to reopen the judgment under Superior Court Civil Rule 60(b) that expressly asserted a right to arbitration. He did not do so, and the interests of justice do not require this Court to consider Savage's arbitration claim for the first time on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] *Del. Elec. Co-op., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 2002).

5